[Cite as *Lambert v. Sack 'N Save, Inc.*, 2012-Ohio-4686.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

KRISTIN J. LAMBERT,                          :
                                             :
    Plaintiff-Appellant,            : Case No.  12CA3319
                                             :
    vs.                              : **Released: September 28, 2012**
                                             :
SACK 'N SAVE, INC. et al.,                   : <u>DECISION AND JUDGMENT</u>
                                             : <u>ENTRY</u>
    Defendants-Appellees.           :
_____
APPEARANCES:

J. Jeffrey Benson, Benson & Benson, LLC, Chillicothe, Ohio, for Appellant.

James M. Roper, Isaac, Brant, Ledman & Teetor, LLP, Columbus, Ohio, for
Appellee, Sack 'N Save, Inc.

_____

McFarland, J.:

    {¶1}This is an appeal of the decision of the Ross County Court of

Common Pleas granting summary judgment in favor of Appellee, Sack 'N

Save, Inc.  On appeal, Appellant Kristin J. Lambert, contends that the trial

court erred when it granted Appellee's motion for summary judgment, and

when it entered judgment against Appellant.  In light of our finding that no

genuine issue of material fact remains to be litigated at trial as to whether the

condition at issue herein was open and obvious, we cannot conclude that the

trial court erred in granting summary judgment in Appellee's favor.  Thus,

Appellant's sole assignment of error lacks merit.  Accordingly, the decision of the trial court is affirmed.

FACTS

**{¶2}** On September 6, 2007, Appellant, Kristin Lambert, suffered an injury after hitting her arm on a shopping cart at Appellee, Sack 'N Save, Inc. and sustaining a cut near her elbow. Appellant notified the cashier, who gave her a band aid, and she then left the store.  When the wound failed to heal on its own, Appellant sought medical treatment and was admitted to the hospital and treated with IV antibiotics for a staph infection.  Appellant eventually underwent two surgeries.

**{¶3}** On September 10, 2010, Appellant filed a complaint against Appellee asserting a negligence claim.[1]  Appellee filed a motion for summary judgment on October 31, 2011, arguing that no genuine issue of material fact remained as to their liability.  Appellee specifically argued that the condition of the shopping cart at issue was open and obvious and thus, that it owed no duty of care to Appellant.  Although Appellant opposed the motion for summary judgment, after consideration of the matter, the trial court granted summary judgment in favor of Appellee.  It is from this

---

[1] The record reflects that this case was originally filed in 2008, and also named Hays Enterprises, Inc., the manufacturer of the shopping cart, as a defendant.  However, that case was voluntarily dismissed and then re-filed in 2010, again naming both Appellee and Hays Enterprises as defendants.  Appellant settled her claims with Hays during the trial court proceedings and those claims are not at issue on appeal.

decision that Appellant now brings her timely appeal, setting forth a sole

assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.      THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION
         FOR SUMMARY JUDGMENT FILED BY DEFENDANT, SACK
         'N SAVE, INC. AND WHEN IT ENTERED JUDGMENT
         AGAINST PLAINTIFF."

## LEGAL ANALYSIS

{¶4} In her first assignment of error, Appellant contends that the trial

court erred when it granted the motion for summary judgment in favor of

Appellee, and when it entered judgment against Appellant.  More

specifically, Appellant argues that summary judgment was improper because

the shopping cart did not contain an open and obvious danger. She further

alleges Appellee owed a duty to maintain its shopping carts in a safe

condition.  We begin by considering the framework within which we must

consider the arguments raised by Appellant.

## SUMMARY JUDGMENT STANDARD

{¶5} Initially, we note that appellate courts conduct a de novo review

of trial court summary judgment decisions. See, e.g., *Grafton v. Ohio Edison

Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, an

appellate court must independently review the record to determine if

summary judgment is appropriate and need not defer to the trial court's

decision. See *Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (1993); *Morehead v. Conley*, 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786 (1991). Thus, to determine whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law.

Civ. R. 56(C) provides, in relevant part, as follows:

* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶6} Thus, pursuant to Civ.R. 56, a trial court may not award summary judgment unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and after viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., *Vahila v. Hall*, 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164 (1997).

## NEGLIGENCE

{¶7} A successful negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., *Texler v. D.O. Summers Cleaners*, 81 Ohio St.3d 677, 680, 693 N.E.2d 217 (1998); *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989); *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984). If a defendant points to evidence to illustrate that the plaintiff will be unable to prove any one of the foregoing elements, and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of

law. See *Lang v. Holly Hill Motel, Inc.*, 4th Dist. No. 06CA18, 2007-Ohio-3898, ¶ 19, affirmed, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120.

{¶8} The existence of a defendant's duty is a threshold question in a negligence case. See *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996); *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). In the case at bar, the parties do not dispute that Appellant was a business invitee.

{¶9} A premises owner or occupier possesses the duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that business invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner or occupier is not, however, an insurer of its invitees' safety. Id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *Jackson v. Kings Island*, 58 Ohio St.2d

357, 358, 390 N.E.2d 810 (1979); see also, *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus (1968).

{¶10} Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See *Armstrong*, at ¶ 5; *Sidle*, paragraph one of the syllabus. By focusing on duty, "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Armstrong* at ¶ 13. The underlying rationale is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. at ¶ 5. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at ¶ 13. Thus, the open and obvious doctrine obviates the duty to warn and acts as a complete bar to recovery. Id. at ¶ 5. Furthermore, the issue of whether a hazard is open and obvious may be decided as a matter of law when no factual issues are

disputed. *Nageotte v. Cafaro Co.*, 160 Ohio App.3d 702, 710, 2005-Ohio 2098, 828 N.E.2d 683, ¶ 28; citing *Armstrong*.

**{¶11}** In the case sub judice, we do not believe any genuine issues of material fact exist as to whether the condition of the shopping cart at Appellee, Sack 'N Save, Inc., constituted an open and obvious condition. Although the specific cart at issue was not available for inspection, photos of similar carts were. Appellant stated below that there was nothing broken or damaged on the cart, just that the edge was sharp, and that when she hit her arm on it, she sustained a cut. As properly noted by the trial court, Appellant's complaints regarding the shopping cart related to the cart's design of having vertical metal bars on the outside of the cart rather than on the inside, which photos of similar carts illustrate. A review of the record indicates that Appellant did not claim that the cart had been damaged or broken in a manner resulting in an unsafe condition. The design of the shopping cart at issue was an open and obvious condition. Additionally, there was no evidence submitted that Appellee was responsible for the design of the cart, that the cart was damaged in any way, or that Appellee had knowledge of any damage or defect related to the cart.

**{¶12}** Further, even if Appellant had acted reasonably and taken precautions to avoid hitting her arm on the cart, the focus of the open and

obvious condition doctrine is not based upon a plaintiff's conduct. "Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Armstrong* at 82. Nonetheless, we also note that Appellant admitted that she commonly shops at Sack 'N Save and had done so for ten years prior to the incident. Further on the date of the incident, Appellant had used the cart in question for twenty minutes prior to injuring herself, and had been able to observe the condition of the cart, which design was readily observable. Here we agree with the trial court that no genuine issue of material fact remains to be litigated at trial as to whether the design of the shopping cart constituted an open and obvious condition and, thus, as to whether Appellee owed Appellant a duty. As such, we conclude that the trial court did not err in granting Appellee's motion for summary judgment.

{¶13} Accordingly, based upon the foregoing reasons, we hereby overrule Appellants' sole assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

Kline, J., concurring.

{¶14} Because I cannot agree that the shopping cart was an open and obvious hazard, I respectfully concur in judgment only. In my view,

Lambert failed to "present evidence from which reasonable minds could conclude that [Sack 'N Save] breached [a] duty and that the breach was the proximate cause of [Lambert's] injuries." *Miller v. Grewal Bros. Corp.*, 3d Dist. No. 7-11-12, 2012-Ohio-1279, ¶ 13, citing *Kaeppner v. Leading Mgt., Inc.*, 10th Dist. No. 05AP-1324, 2006-Ohio-3588, ¶ 9. Accordingly, I would sustain the trial court's judgment on other grounds.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only with Opinion.


For the Court,

BY: _____
    Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**