[Cite as *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

MARIANNE RAY, et al.,                          :

    Plaintiffs-Appellants,                    :       Case No.   12CA21

    vs.                                            :

WAL-MART STORES, INC., et al.,             :       DECISION AND JUDGMENT ENTRY


    Defendants-Appellees.                     :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:       John E. Triplett, Jr., and Daniel P. Corcoran, Theisen
                                                      Brock, 424 Second Street, Marietta, Ohio 45750

COUNSEL FOR APPELLEES:         D. Patrick Kasson, Reminger Co., LPA, Capitol Square
                                                      Building, 65 East State Street, 4th Floor, Columbus, Ohio
                                                      43215

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-20-13
ABELE, J.

{¶ 1}   This is an appeal from a Washington County Common Pleas Court summary

judgment in favor of Wal-Mart Stores, Inc. and Wal-Mart Real Estate Trust, defendants below and

appellees herein.

{¶ 2}   Marianne and John D. Ray, plaintiffs below and appellants herein, assign the

following error for review:

        "THE TRIAL COURT ERRED IN GRANTING SUMMARY

        JUDGMENT TO THE DEFENDANTS-APPELLEES BECAUSE

THERE WERE GENUINE ISSUES OF MATERIAL FACT

REGARDING LIABILITY."

**{¶ 3}** The present appeal arises out of a trip and fall that occurred at a Wal-Mart store in Marietta, Ohio. Mrs. Ray fell when she tripped on a produce crate that partially protruded from beneath a produce display table.

**{¶ 4}** After appellants filed a negligence complaint against appellees, appellees requested summary judgment. The trial court subsequently entered summary judgment in appellees' favor and appellants appealed. We reversed the trial court's decision to grant appellees summary judgment and we concluded that genuine issues of material fact remained regarding whether the produce crate hazard was open and obvious. Ray v. Wal-Mart Stores, Inc., 4th Dist. No. 08CA41, 2009-Ohio-4542.

**{¶ 5}** On remand, appellees again requested summary judgment and asserted that appellants possessed no evidence to show that appellees breached any duty of care that it owed to Mrs. Ray. Appellees argued that the evidence fails to show that appellees breached the standard of care by creating the hazard, or by failing to warn of the hazard. Appellees asserted that appellants presented no evidence to show how the crate ended up beneath the produce display table in a partially protruding position and, thus, could not show that appellees created the hazard. Appellees further contended that appellants failed to present evidence to demonstrate that appellees had actual or constructive knowledge of the hazard, thus giving rise to a duty to warn Mrs. Ray of the hazard. Appellees observed that Mrs. Ray stated in her deposition that she did not know (1) how the black crates came to be beneath the display, (2) how long they had been positioned there before she fell, and (3) whether any of appellees' employees knew that the crates had been placed under the display. Appellees thus asserted that Mrs. Ray's deposition demonstrated that no

genuine issues of material fact remained as to whether it breached the standard of care.

{¶ 6}   Appellants countered that the record contained sufficient genuine issues of material fact concerning whether the appellees created the hazard and as to whether they possessed actual or constructive knowledge of the hazard.   Appellants asserted that the following facts and inferences demonstrate that genuine and material factual issues remained:   (1) appellees' owned the crate; (2) only appellees' employees had access to the crate; (3) appellees had exclusive control of the crate from the time of delivery until it was returned to the storeroom; and (4) at all times, at least one employee monitored the produce area.   Appellants asserted that the foregoing facts led to a reasonable inference that appellees created the hazard by not returning the crate to the storeroom and, instead, leaving it on the produce floor.   They argued that appellees failed to present evidence to show that someone other than one of appellees' employees carried the crate to the produce area and left it under the produce display in a hazardous position.   Appellants further asserted that because at least one employee monitored the produce section at all times, then at least one employee must have observed the crate partially protruding from beneath the produce display. They additionally contended that if an employee did not actually observe the hazard, then the employee should have observed the hazard.   Appellants inferred that had an employee conducted a reasonable inspection of the produce area, the employee would have discovered the hazard.

{¶ 7}   On August 17, 2010, the trial court entered summary judgment in appellees' favor and concluded that appellants failed to demonstrate that any genuine issues of material fact remained as to whether appellees breached the standard of care.   The court found that appellants did not produce any evidence to show how the crate "ended up in a 'hazardous location'" and, thus, that appellants failed to demonstrate any genuine issues of material fact as to whether appellees

created the hazard.   The court agreed with appellants that they produced evidence showing that (1) appellees use the crates to ship produce to the store and to transport produce to the sales floor, (2) one of appellees' employees initially brought the crate to the produce area, and (3) appellees' policy states that employees should not leave the crates in the produce area on the floor beneath produce displays.   The court, however, did not agree with the inferences appellants derived from the evidence.   Appellants claimed that the evidence led to a reasonable inference that no one other than one of appellees' employees could have placed the crate in such a position that it partially protruded from beneath the produce display.   The court, however, determined that appellants' assertion that only appellees had access to the crate is akin to an argument that appellees had exclusive control of the crate.   The court concluded that an argument regarding "exclusive" control had relevance when the <u>res</u> <u>ipsa</u> <u>loquitor</u> doctrine applied.   It further concluded, however, that the <u>res</u> <u>ipsa</u> <u>loquitor</u> doctrine "had no application in a public area of a busy retail store."   The court thus determined that appellants failed to present evidence showing that a genuine issue of material fact remained regarding whether appellees created the hazard.

{¶ 8}   The trial court further found that appellants failed to produce any evidence to demonstrate that genuine issues of material fact remained regarding whether appellees had actual or constructive knowledge of the hazard.   The court observed that appellants failed to produce any affirmative evidence to show that one of appellees' employees actually knew that the crate partially protruded from beneath the produce display.   It rejected appellants' argument that the presence of at least one employee in the produce area led to a reasonable inference that at least one employee must have seen the hazard.   The court found that this argument related to whether appellees possessed constructive, not actual, knowledge.

{¶ 9} The trial court additionally determined that appellants failed to show that appellees possessed constructive knowledge of the hazard. The court noted that appellants did not present any evidence to show when the hazard was created or when the crate initially was brought to the produce area. The court concluded that without such evidence, appellants could not show that the hazard existed for a sufficient length of time so that appellees should have discovered the hazard.

{¶ 10} Appellants appealed the trial court's decision. We, however, dismissed that appeal for lack of a final appealable order. Ray v. Wal-Mart Stores, Inc., 4th Dist. No. 10CA27, 2011-Ohio-5142. We observed that the trial court's summary judgment did not dispose of appellants' spoilation of evidence claim. Appellants then amended their complaint to remove the spoilation of evidence claim. This appeal followed.

{¶ 11} In their sole assignment of error, appellants assert that the trial court improperly entered summary judgment in appellees' favor. In particular, they assert that the trial court wrongly determined that no genuine issues of material fact remained regarding whether appellees breached the standard of care. Appellants contend that genuine issues of material fact remain as to whether appellees breached the standard of care either (1) by creating the hazard, or (2) by failing to warn of the hazard when appellees knew or should have known that the hazard existed. Appellants additionally argue that the trial court improperly determined that the doctrine of res ipsa loquitor did not apply. They assert that the evidence shows that the produce crate was within appellees' exclusive management and control.

A

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶ 12} Initially, we note that when reviewing a trial court's decision regarding a summary

judgment motion, an appellate court conducts a de novo review.   E.g., Troyer v. Janis, 132 Ohio

St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶6; Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,

105, 671 N.E.2d 241 (1996).   Accordingly, an appellate court must independently review the

record to determine if summary judgment was appropriate and need not defer to the trial court's

decision.   Brown v. Scioto Bd. of Commrs., 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (1993);

Morehead v. Conley, 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786 (1991).   Thus, in determining

whether a trial court properly granted a summary judgment motion, an appellate court must review

the Civ.R. 56 summary judgment standard, as well as the applicable law.

{¶ 13}  Civ.R. 56(C) provides, in relevant part, as follows:

* * * Summary judgment shall be rendered forthwith if the pleadings, depositions,
answers to interrogatories, written admissions, affidavits, transcripts of evidence in
the pending case, and written stipulations of fact, if any, timely filed in the action,
show that there is no genuine issue as to any material fact and that the moving party
is entitled to judgment as a matter of law. No evidence or stipulation may be
considered except as stated in this rule.   A summary judgment shall not be rendered
unless it appears from the evidence or stipulation, and only from the evidence or
stipulation, that reasonable minds can come to but one conclusion and that
conclusion is adverse to the party against whom the motion for summary judgment
is made, that party being entitled to have the evidence or stipulation construed most
strongly in the party's favor.

{¶ 14}  Thus, a trial court may not grant a summary judgment motion unless the evidence

before the court demonstrates that: (1) no genuine issue as to any material fact remains to be

litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the

evidence that reasonable minds can come to but one conclusion, and viewing such evidence most

strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the

motion for summary judgment is made.   E.g., Smith v. McBride, 130 Ohio St.3d 51,

2011-Ohio-4674, 955 N.E.2d 954, ¶12; New Destiny Treatment Ctr., Inc. v. Wheeler, 129 Ohio

St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶24; Vahila v. Hall, 77 Ohio St.3d 421, 429-30, 674

N.E.2d 1164 (1997).

{¶ 15} Under Civ.R. 56, the moving party bears the initial burden of informing the trial

court of the basis for the motion, and identifying those portions of the record that demonstrate the

absence of a material fact.   Vahila, supra; Dresher v. Burt, 75 Ohio St.3d 280, 293, 662 N.E.2d

264 (1996).   The moving party cannot discharge its initial burden under the rule with a

conclusory assertion that the nonmoving party has no evidence to prove its case.   Kulch v.

Structural Fibers, Inc., 78 Ohio St.3d 134, 147, 677 N.E.2d 308 (1997); Dresher, supra.   Rather,

the moving party must specifically refer to the "pleadings, depositions, answers to

interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and

written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party

has no evidence to support the nonmoving party's claims.   Civ.R. 56(C); Dresher, supra.

{¶ 16} "[U]nless a movant meets its initial burden of establishing that the nonmovant has

either a complete lack of evidence or has an insufficient showing of evidence to establish the

existence of an essential element of its case upon which the nonmovant will have the burden of

proof at trial, a trial court shall not grant a summary judgment."   Pennsylvania Lumbermans Ins.

Corp. v. Landmark Elec., Inc., 110 Ohio App.3d 732, 742, 675 N.E.2d 65 (1996).   Once the

moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth

specific facts showing that there is a genuine issue for trial.   Civ.R. 56(E); Dresher, supra.   A

trial court may grant a properly supported summary judgment motion if the nonmoving party

does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing

that there is a genuine issue for trial.   Id.; Jackson v. Alert Fire & Safety Equip., Inc., 58 Ohio

St.3d 48, 52, 567 N.E.2d 1027 (1991).

B

NEGLIGENCE

{¶ 17}  A successful negligence action requires a plaintiff to establish all of the following:

(1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care;

and (3) as a direct and proximate result of the defendant' breach, the plaintiff suffered injury.

E.g., Texler v. D.O. Summers Cleaners, 81 Ohio St.3d 677, 680, 693 N.E.2d 217 (1998); Jeffers

v. Olexo, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989); Menifee v. Ohio Welding Products,

Inc., 15 Ohio St.3d 75, 472 N.E.2d 707 (1984).   If a defendant points to evidence illustrating that

the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to

respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law.   E.g.,

Lambert v. Sack 'N Save, Inc., 4th Dist. No. 12CA3319, 2012-Ohio-4686, ¶7.

C

DUTY

{¶ 18}  In a premises liability case, the relationship between the owner or occupier of the

premises and the injured party determines the duty owed.   E.g., Gladon v. Greater Cleveland

Regional Transit Auth., 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996); Shump v. First

Continental-Robinwood Assocs., 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994).   A business

premises owner or occupier possesses the duty to exercise ordinary care to maintain its premises in

a reasonably safe condition, such that its business invitees[1] will not unreasonably or unnecessarily

---

[1] The parties do not dispute that Mrs. Ray was a business invitee.

be exposed to danger.   E.g., Paschal v. Rite Aid Pharmacy, Inc., 18 Ohio St.3d 203, 203, 480

N.E.2d 474 (1985).   The standard of ordinary care does not, however, require a premises owner or

occupier to insure its invitees' safety.   Id.   Instead, the standard of ordinary care requires the

premises owner to keep its premises in a reasonably safe condition.   Perry v. Eastgreen Realty Co.,

53 Ohio St.2d 51, 53, 372 N.E.2d 335 (1977).   Keeping the premises in a reasonably safe

condition generally means that a premises owner (1) must not create a dangerous condition on its

premises, and (2) must warn its invitees of latent or concealed dangers, if the premises owner has

actual or constructive knowledge of those dangers.   Jackson v. Kings Island, 58 Ohio St.2d 357,

358, 390 N.E.2d 810 (1979); Perry, 53 Ohio St.2d at 52; Johnson v. Wagner Provision Co., 141

Ohio St. 584, 589, 49 N.E.2d 925 (1943).   The premises owner also must "'inspect the premises to

discover possible dangerous conditions of which [the premises owner] does not know.'" Perry, 53

Ohio St.2d at 52, quoting Prosser on Torts (4 Ed.), 392-93 (1971).   Accord Hann v. Roush ex rel.

Estate of Rice, 4th Dist. No. 00CA55, 2001-Ohio-2614.   "A premises owner or occupier will be

charged with constructive notice of hazards * * * that would have been revealed by a reasonable

inspection."   Hansen v. Wal-Mart Stores, Inc., 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶11,

citing Hann, and Shetina v. Ohio University, 9 Ohio App.3d 240, 242, 459 N.E.2d 587 (1983).

{¶ 19} In the case sub judice, we determined in a previous appeal that sufficient factual

issues remained regarding whether appellees owed a duty of reasonable care.   Thus, for purposes

of this appeal, we presume that appellees owed appellants a duty of ordinary care, which included a

duty (1) not to create a hazard on the premises, (2) to warn of known latent or concealed dangers,

and (3) to reasonably inspect the premises to uncover hidden dangers.

D

BREACH

**{¶ 20}** Appellants argue that appellees breached the standard of care by either creating the hazard or by failing to warn of the hazard.   Appellants assert that appellees knew, or should have known, of the hazard and, thus, should have warned Mrs. Ray of the hazard.

**{¶ 21}** A business invitee bears the burden to prove that the premises owner breached the standard of care.   Perry, 53 Ohio St.2d at 52-53 ("The burden of producing sufficient proof that an owner has failed to take safeguards that a reasonable person would take under the same or similar circumstances falls upon the invitee.").   Accord Tucker v. Pope, 2nd Dist. No. 2009CA30, 2010-Ohio-995, ¶15.   Whether a premises owner breached the standard of care ordinarily is a factual question left to the jury.   Hansen at ¶12.   "However, where there is no genuine issue of fact for the jury to decide, a court may grant summary judgment if the moving party is otherwise entitled to judgment as a matter of law."   Id. (citations omitted).

**{¶ 22}** To establish that a premises owner failed to exercise ordinary care, the plaintiff must demonstrate one of the following three conditions: (1) the premises owner created the hazard; (2) the premises owner possessed actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care.   E.g., Ashbaugh v. Family Dollar Stores, 4th Dist. No. 99CA11 (Jan. 20, 2000), citing Johnson v. Wagner Provision Co., 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).   "If the premises owner created the hazardous condition, then we presume that the premises owner had knowledge or notice of the condition at issue."   Louderback v. McDonald's Restaurants, 4th Dist. No. 04CA2981, 2005-Ohio-3926, ¶20 (citations omitted).

> "When the owner or occupier of the premises creates the hazardous condition, plaintiff is not required to show specifically that defendant had knowledge or notice. Knowledge or notice of the owner or occupier is required to be shown in slip-and-fall cases only where the alleged hazardous condition is created by someone other than the owner."

Tandy v. St. Anthony's Hospital, 10th Dist. No. 88AP-551 (Nov. 29, 1998).

{¶ 23} The mere occurrence of an injury does not lead to an inference that the premises owner breached the standard of care. Rather, "there must be direct proof of a fact from which the inference can reasonably be drawn." Parras v. Std. Oil Co., 160 Ohio St. 315, 319, 116 N.E.2d 300 (1953). "A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking." Id. Therefore, "'it is incumbent on the plaintiff to show how and why any injury occurred-to develop facts from which it can be determined by a jury that the Defendant failed to exercise due care and that such failure was a proximate cause of the injury.'" Hodge v. K-Mart Corp., 4th Dist. No. 93CA528 (Jan. 18, 1995), quoting Boles v. Montgomery Ward, 153 Ohio St. 381, 3892, 92 N.E.2d 9 (1950).

1

Creation of Hazard

{¶ 24} In the case at bar, appellants assert that appellees breached the standard of care by creating the hazard on its premises. Appellants argue that it is reasonable to infer that appellees created the hazard because (1) one of appellees' employees initially brought the crate to the produce area, (2) one of appellees' employees was the last person to touch the crate, (3) appellees' store policy prohibited crates from being stored in the produce section and required the crates to be returned to the storeroom, and (4) appellees had exclusive control over the crate. Appellants further contend that the court improperly entered summary judgment in appellees' favor when

appellees failed to present evidence showing that it was not responsible for creating the hazard.

{¶ 25} Appellees argue that appellants cannot establish a genuine issue of material fact as to whether it created the hazard.   Appellees observe that Mrs. Ray stated in her deposition that she does not know how the crate came to be beneath the produce table in a partially protruding position.   Appellees assert that appellants' claim that one of its employees placed the crate in a partially protruding position is utter speculation.   Appellees contend that the simple fact that one employee would have initially brought the crate to the produce area does not naturally, logically, or reasonably lead to the conclusion that the employee must have left the crate in a hazardous location.

{¶ 26} To support its argument, appellants cite Detrick v. Columbia Sussex Corp., Inc., 90 Ohio App.3d 475, 629 N.E.2d 1081 (2nd Dist. 1993).   In Detrick, the plaintiff slipped and fell on a slippery substance while in the defendant's motel restroom.   An employee had been in the restroom earlier in the day and had cleaned it with a substance similar to that discovered on the plaintiff's clothing.   The court determined that these facts gave rise to a reasonable inference that the defendants' employee created the hazard that caused the plaintiff's injury.   Id. at 478.

{¶ 27} We believe that the case sub judice is distinguishable from Detrick.   In Detrick, an employee admitted to being in the area of the plaintiff's fall on the same date as the plaintiff's fall. In the present case, no evidence exists that one of appellees' employees had been near the crate around the time that Mrs. Ray fell.   While at least one employee may have been in the produce section, that alone does not give rise to a reasonable inference that at least one employee must have been near that particular produce crate shortly before Mrs. Ray fell.   Furthermore, in Detrick the evidence suggested that the slippery substance that caused the plaintiff to fall bore similarities to

the cleaning substance that the employee had used earlier in the day, thus negating an inference that anyone using the restroom could have dropped the slippery substance on the floor.   However, in the case at bar the evidence indicates that although appellees owned the crate that caused Mrs. Ray to fall, appellees' ownership, standing alone, does not give rise to a reasonable inference that only one of appellees' employees, to the exclusion of all other people in the area, could have caused the produce crate to partially protrude from the display table.   The facts are undisputed that the crate was located in the produce section of a Wal-Mart store, where anyone–not just an employee–could have bumped or moved it.   Thus, we do not find the present case to be similar to Detrick.

{¶ 28}  We find the facts in the case at bar to be more similar to Colville v. Meijer Stores, Inc., 2nd Dist. No. 2011-CA-011, 2012-Ohio-2413.   In Colville, the plaintiff slipped on water while walked near an ice machine at a Meijer store.   Before she entered the store, she noticed workers unloading bags of ice from a truck.   She subsequently filed a negligence action against Meijer and the ice company, The Home City Ice Company.   Both defendants sought summary judgment.   Of relevance to the case sub judice, the ice company asserted that it could not be liable to the plaintiff because the plaintiff had no evidence that the ice company created the puddle of water but, instead, merely speculated that the ice company created the puddle of water.

{¶ 29}  To support her theory, the plaintiff stated that before she entered the store, she noticed a truck containing ice that was being unloaded.   From this, the plaintiff inferred that the ice truck company workers must have created the puddle of water when they carried the bags of ice from the truck to the ice machine.   The plaintiff, however, could not identify the source of the water and was unable to state that the water originated from the ice machine.   She also did not know how long the water had sat before she fell.

{¶ 30} The trial court granted the ice truck defendant summary judgment. The court concluded that the plaintiff's argument that the ice truck workers created the puddle of water was "simply a guess." Id. at ¶36. The appellate court agreed that the plaintiff's evidence failed to support a reasonable inference that the defendant crated the puddle of water. The court explained:

> "We assume, and the evidence supports, that Home City Ice delivered ice sometime that morning. But that fact alone, in our view, is insufficient to draw a reasonable inference that Home City must have therefore breached a duty by creating, or failing to remove, water on the floor in a public area adjacent to their machine. Undoubtedly, when considering a motion for summary judgment, the court must construe the evidence and pleadings 'most strongly' in that party's favor. Civ.R. 56(C). But an inference should not be drawn on a speculative or remote basis. The plaintiff did not see water coming from the machine. (T. 31). Nor did she know where the water came from. Id. At best, she 'surmised' that the water came from dripping bags of ice. We agree with the trial court that this is 'simply a guess.'"

Id. at ¶37.

{¶ 31} In Braun v. Russo's Inc., 8th Dist. No. 76273 (June 1, 2000), the court likewise rejected a slip-and-fall plaintiff's speculation regarding how grapes came to be on a supermarket floor. The plaintiff "did not know how the grapes came to be on the floor, how long they were on the floor, whether they had been on the floor long enough that someone should have noticed them, or whether the grapes were squashed prior to her stepping on them." Id. at *1. The plaintiff nonetheless argued that only the store could have created the hazard that the grapes posed. The plaintiff asserted that the store created the hazard by:

> "not selling the grapes in sealed packaging; negligently unloading, transporting, or stocking the produce; negligence in the way the grapes were displayed; not providing non-slip surfaces on the floor of the produce section; not providing notice to its customers that fallen produce could be a hazard within the produce section and store; not sweeping its floors in a more timely fashion."

Id. at *3.

**{¶ 32}** The court rejected the plaintiff's argument and stated:

"While the grapes on the floor of the produce aisle * * * could have been placed there as a result of the multiple scenarios advanced by [the plaintiff], such a conclusion is pure speculation; there is no direct evidence to suggest that this, in fact, occurred.   It is equally reasonable to conclude that the grapes came to be on the floor through the actions of a fellow customer on a busy shopping day, a theory which was advanced by store employees."

Id.   The court thus concluded that the plaintiff's speculation regarding the source of the grapes, based on several possible scenarios, did not demonstrate a genuine issue of material fact.

**{¶ 33}** Similarly, in Louderback v. Big Bear Stores Co./Big Bear Bakeries, 4th Dist. No. 96CA569 (Oct. 2, 1996), we determined that the plaintiffs' theory that the defendant created the hazard was an unfounded speculation.   In Louderback, the injured plaintiff slipped and fell on a puddle of water near a produce display fitted with an automatic sprayer.   The produce manager stated that water from the sprayer could reach the floor in a variety of ways.   The plaintiffs argued that the automatic sprayer more likely than not caused the wet floor in the produce area.   We concluded that the plaintiffs' assertion that the automatic produce sprayer caused the wet floor was "merely a guess" and found that the plaintiffs "failed to establish a nexus between the sprayer system and the wet, slippery floor."   Id. at *3.   We explained that the plaintiffs could not base the inference "upon speculation or conjecture."   Id.

**{¶ 34}** In the case sub judice, we likewise believe that appellants' argument that appellees' employees left the crate in a hazardous location amounts to speculation.   Appellants presented evidence that one of appellees' employees would likely have brought the crate to the produce area, but we find no evidence to show when and where the crate was brought to the produce area.   We also find no evidence that one of appellees' employees had been near the crate shortly before Mrs.

Ray's fall. Evidence that at least one of appellees' employees monitors the produce area does not lead to a reasonable inference that at least one employee had been in the immediate area of the crate shortly before Mrs. Ray's fall. While appellants presented evidence that one of appellees' employees brought the crate to the produce area and may have failed to return it to the storeroom, this evidence does not lead to a reasonable inference that one of appellees' employees placed the crate in the hazardous location that caused Mrs. Ray to fall. Rather, any such inference amounts to speculation.

{¶ 35} We recognize that we may make reasonable inferences from facts shown with direct proof. We may not, however, make inferences from a plaintiff's speculation as to what the facts are.[2] As the court explained in Hurt v. Charles J. Rogers Transp. Co., 164 Ohio St. 329, 333, 130 N.E.2d 820, 823 (1955):

> "An inference which is based solely and entirely upon another inference and which is unsupported by any additional fact or another inference from other facts is an inference upon an inference and is universally condemned.
> An inference which is based in part upon another inference and in part upon factual support is called a parallel inference and is universally approved provided it is a reasonable conclusion for the jury to deduce."

The Hurt court further explained the rule prohibiting inferences upon inferences as follows:

> "For the purpose of supporting a proposition, it is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported by an established fact. Where an inference not supported by or drawn from a proven or known fact is indulged, and is then used as a basis for another inference, neither inference has probative value. Such a process may be described as drawing an inference from an inference, and is not allowable. At the beginning of every line of legitimate inferences there must be a fact, known or proved."

---

[2] For a discussion of "the inference-upon-an-inference conundrum," see Haughey v. Twins Group, Inc., 2nd Dist. No. 2004-CA-7, 2005-Ohio-1371 (Fain, J., concurring).

Id. at 332, quoting Indian Creek Coal & Mining Co. v. Calvert, 68 Ind.App. 474, 119 N.E. 519,

120 N.E. 709 (2d Div.1918).   Accord Davis v. Cuyahoga Metro. Hous. Auth., 8th Dist. No. 97356,

2012-Ohio-3077, ¶13.

{¶ 36} In the case at bar, appellants' inference that appellees created the hazard is based

upon a speculative deduction.   The following facts have direct proof: (1) appellees' employees

carried the crate to the produce section; and (2) someone did not return the crate to the storeroom.

No direct proof exists that one of appellees' employees placed the crate in or near the hazardous

location that resulted in Mrs. Ray's injury.   Instead, appellants request that from the facts adduced

we infer this to be the case.   In order to indulge appellants' request, we must infer: (1) that one of

appellees' employees had been near the crate shortly before Mrs. Ray's fall; and (2) that this

employee placed the crate such that it partially protruded from beneath the produce display.   We,

however, do not believe that appellants' requested inferences are reasonably drawn from the

evidence that at some point in time, an employee brought the crate to the produce floor and then

someone failed to remove it.   This evidence does not logically lead one to believe that the

employee brought the crate to the produce floor and placed it in the hazardous location that

resulted in Mrs. Ray's injury.   Perhaps such an inference would be reasonable if an employee had

been seen in the immediate area of the crate shortly before Mrs. Ray's fall.   Louderback v.

McDonald's Restaurant, supra (reversing summary judgment when evidence showed that

employee recently mopped area near the plaintiff's fall).   Without more, however, we cannot make

the leap in logic that appellants request.

{¶ 37} We further observe that even though the failure to return the crate to the storeroom

may have violated appellees' company policy, a reasonable inference of negligence does not arise

simply because an employee failed to comply with a policy directive.    Compare Spencer v. Lakeview Sch. Dist., 11th Dist. No. 2005-T-0083, 2006-Ohio-3429, ¶25 (holding that violation of school policy is not negligence per se; rather, negligence per se arises only from violation of a specific statutory or administrative provision).

{¶ 38} Appellants nonetheless assert that the trial court improperly entered summary judgment in appellees' favor because appellees failed to produce evidence to show that they did not create the hazard.   Appellants claim that two cases from the Seventh District Court of Appeals held that when a plaintiff alleges that a premises owner created a hazard, the premises owner bears the burden to establish that it did not create the hazard before the trial court may award summary judgment.   Ohlin v. Sears, Roebuck and Co., 7th Dist. App. No. 99CA13 (June 13, 2000); Schuley v. Consolidated Stores Corp, 7th Dist. No. 98-CA-138 (Mar. 24, 2000). We do not agree.   In both cases, a reasonable inference apparently existed that the defendant actually created the hazard. The reasoning for the inference is not entirely clear from the courts' opinions, but at least part of the reasoning appears based upon the defendants' failures to point to any Civ.R. 56 evidence demonstrating the absence of a material fact as to whether they created the condition.   By contrast, in the case at bar appellees did point to Civ.R. 56 evidence–Mrs. Ray's deposition–to establish that no genuine issues of material fact remained as to whether it created the hazard.   Thus, we find the cases inapposite.

{¶ 39} To the extent the Seventh District's cases require a defendant seeking summary judgment to produce affirmative evidence that negates the plaintiff's case, we do not believe that the cases correctly state the law.   For instance, in Ohlin, the court stated:

"* * * [A]ppellants alleged in their complaint that appellee created the

dangerous condition by its own negligence. As such, in order to prevail on its motion for summary judgment, appellee was required to show that it was not responsible for placing the floor mat in a position where it was foreseeable that said mat would become rolled up inside its entranceway.

The record in this matter does not indicate that appellee presented any evidence with respect to this issue. Consequently, appellee failed to meet its burden of establishing as a matter of law that it did not create the dangerous condition in question. Nothing in the record negates the inference that appellee was responsible for placing the floor mat inside the entranceway to its store. Thereby, appellants were not required to establish that appellee had notice or superior knowledge of the hazardous condition. In such instances, it is not a defendant's lack of notice which is dispositive of the issue but rather, whether it negligently placed the floor mat in such position so as to create a dangerous or hazardous condition. Schuley, supra citing to Tandy v. St. Anthony Hosp. (Nov. 29, 1988), Franklin App. No. 88AP-551, unreported."

{¶ 40} It is well-settled that "there is no express or implied requirement in [Civ.R. 56] that the moving party must support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As the Ohio Supreme Court explained in Dresher:

"[T]here is simply no requirement that a party who moves for summary judgment must support the motion with affidavits negating the opponent's claims. Indeed, there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any affirmative evidence, i.e., affidavits or similar materials produced by the movant."

Id. at 292-293 (citations and emphasis omitted). Accord Reasoner v. State Farm Mut. Auto. Ins. Co., 10th Dist. No. 01AP-490, 2002-Ohio-878, *9 (rejecting appellant's argument that appellee must disprove each and every allegation of the complaint in order to prevail on a motion for summary judgment).

{¶ 41} In the case at bar, appellants bore the burden to prove that appellees created the hazard. Appellees argued that appellants lacked any evidence to show that appellees created the hazard and pointed to Mrs. Ray's deposition in which she stated that she did not know how the

produce crate came to be in the hazardous location that caused her fall.   Mrs. Ray's deposition testimony showed that appellants did not have evidence to establish that appellees created the hazard.   Once appellees filed their summary judgment motion and pointed out this deficiency, appellants had to respond with proper Civ.R. 56 evidence to demonstrate that appellees created the hazard.   Appellants responded with   evidence that at some point in time, one of appellees' employees would have removed the crate from the storeroom and brought it to the produce section in order to unload produce.   From these facts, they infer that one of appellees' employees must have left the crate in a hazardous location.   We have determined that appellants' inference is not a reasonable one.   Thus, appellants did not show the existence of a genuine issue of material fact. Because they did not do so, the trial court properly entered summary judgment in appellees' favor regarding whether appellees breached the duty of ordinary care by creating a hazardous condition on its premises.

2

KNOWLEDGE

{¶ 42}  Appellants next argue that appellees breached the standard of care by failing to warn Mrs. Ray of the hazard that the crate posed.   They assert that appellees possessed a duty to warn her of the danger because appellees knew or should have known that the hazard existed. Appellants contend that at least one of appellees' employees consistently monitored the produce area, and thus, at least one employee must have noticed the partially protruding produce crate. They further argue that even if at least one employee did not actually notice the produce crate, at least one should have noticed it.   Appellants claim that if appellees' employees had conducted a proper inspection of the produce section, then at least one employee should have discovered the

hazard.

{¶ 43} Appellees argue that no genuine issues of material fact remain as to whether it possessed actual or constructive knowledge of the hazard. To show that they lacked actual knowledge of the hazard, appellees again point to Mrs. Ray's deposition in which she states that she does not know whether one of appellees' employees knew that the crate was protruding before her fall. To show that they lacked constructive knowledge, appellees point to Mrs. Ray's deposition and her statement that she does not know how long the crate sat in the hazardous location before she fell. Appellees assert that Mrs. Ray's deposition testimony shows that appellants have no evidence to show that the crate sat in a hazardous location for a sufficient period of time such that appellees should have noticed the hazard.

{¶ 44} Appellees disagree with appellants' argument that at least one of its employees must or should have detected the hazard. Appellees contend that simply because at least one and up to four employees constantly observe the produce floor for potential hazards does not lead to a rational inference that at least one of the employees must, or should have, discovered, and then ignored, the hazard. Appellees again note that appellants failed to present any evidence to indicate how much time elapsed from the point the hazard was created to the point when Mrs. Ray fell. Appellees contend that without any evidence regarding the length of time that the hazard existed, it is impossible to state that one of its employees should have recognized the hazard.

{¶ 45} A premises owner cannot breach the duty to warn of a hazard, unless the premises owner has actual or constructive knowledge of the hazard. Heckert v. Patrick, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984). Accord LaCourse v. Fleitz, 28 Ohio St.3d 209, 210, 503 N.E.2d 159 (1986) (stating that the premises owner's duty to warn arises when the owner has "superior

knowledge of the particular danger which caused the injury"). Thus, when the owner of the premises "does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable" for the injury. Howard v. Rogers, 19 Ohio St.2d 42, 249 N.E.2d 804 (1969), paragraph three of the syllabus. The exercise of ordinary care includes the duty to reasonably inspect the premises to detect potential hazards. Perry, supra. Thus, a premises owner will be charged with constructive knowledge if the exercise of ordinary care would have revealed the potentially hazardous condition.

{¶ 46} In the case sub judice, appellants argue that because at least one employee would have been monitoring the produce department to look for hazards, then at least one employee must have actually observed the produce crate sticking out from beneath the display. Appellants, however, offer no specific evidence to show that at least one employee actually did see the hazard. Instead, their assertion that at least one employee must have observed the hazard amounts to speculation. Thus, no genuine issues of material fact remain regarding whether appellees possessed actual knowledge of the hazard. To prove, therefore, that appellees breached the duty to warn of the hazard, appellants must show that appellees should have known of the hazard.

{¶ 47} To show that a premises owner possessed constructive knowledge of the hazard, "evidence of how long the condition existed is mandatory." Harrison v. The Andersons, Inc., 6th Dist. No. L-99-1368 (June 23, 2000). Accord Presley, 36 Ohio St.3d at 32 (stating that evidence regarding the length of time that hazard existed "is necessary to support an inference" that the premises owner had constructive knowledge); Neal v. Pickaway County Agricultural Soc., 4th Dist. No. 95CA7 (Feb. 28, 1996). Without such evidence, it is impossible to determine whether a premises owner should have discovered the hazard upon a reasonable inspection. Neal. Accord

Ashbaugh v. Family Dollar Stores, supra.

{¶ 48} Thus, if a plaintiff fails to present evidence showing how long the alleged hazard existed, then the plaintiff cannot show that the defendant breached the standard of care. Sharp v. The Andersons, Inc., 10th Dist. No. 06AP-81, 2006-Ohio-4075, ¶13. "Ohio appellate courts have routinely affirmed summary judgments or directed verdicts in favor of defendants where the plaintiff fails to produce evidence of how the [hazard] came to be on the floor and how long it had been there before the plaintiff's fall." Id., citing Peterson v. Giant Eagle, Inc., 9th Dist. No. 21772, 2004-Ohio-1611, ¶15; Harrison v. The Andersons, Inc., 6th Dist. No. L-99-1368 (June 23, 2000); Braun v. Russo's, Inc., 8th Dist. No. 76273 (June 1, 2000); Rhoades v. Big Bear Grocery Stores, Inc., Franklin App. No. 75AP-326 (Dec. 23, 1975).

{¶ 49} For instance, in Neal we determined that no evidence existed to show that the premises owner breached the duty to reasonably inspect the premises when the plaintiff failed to establish how long the alleged hazard existed. Similarly, in Ashbaugh the plaintiff did not present any evidence as to length of time that elapsed between her injury and the time that the oil spill was created. We thus determined that whether the premises owner "would have discovered the [hazard] upon inspection remains unknown." In Sharp, the court affirmed the trial court's summary judgment when the plaintiff "offered no testimony as to where the grape came from and had 'no idea' how long the grape had been on the ground prior to her fall." Id. at ¶18.

{¶ 50} In the case sub judice, appellants likewise did not produce evidence to show how long the crate sat in the protruding position before Mrs. Ray fell. Without evidence concerning the length of time that the hazard existed, appellants are unable to establish that appellees should have discovered, and thus should have been aware of, the hazard. Therefore, appellants cannot

show that appellees breached the duty to warn of the hazard.

{¶ 51} Consequently, we believe that the trial court properly determined that no genuine issues of material fact remained regarding whether appellees possessed actual of constructive knowledge of the hazard.

E

ADMISSION OF NEGLIGENCE

{¶ 52} Appellants also argue that summary judgment is improper because appellees have admitted that the trial court improperly entered summary judgment in their favor. Appellants point out that appellees wrote in a previously-filed appellate brief that "it is just as reasonable to infer that the dangerous condition causing Appellant's injury resulted from an act of a customer as to infer negligence on the part of Wal-Mart." Appellants claim that appellees' statement is an admission that multiple reasonable inferences exist, thus leaving genuine issues of material fact regarding whether appellees created the hazard.

{¶ 53} Appellees assert that appellants are simply incorrect to argue that appellees' statement, in a previously-filed appellate brief, is an admission that summary judgment is not proper. Appellees contend that the statement related solely to its argument that the doctrine of res ipsa loquitor is inapplicable to a case in which multiple scenarios could explain the creation of the hazard, and that it was not an admission that genuine issues of material fact remained.

{¶ 54} We disagree with appellants that appellees' statement constitutes an admission of negligence, or an admission that summary judgment is improper. Appellees' statement recognizes that the evidence fails to reveal who created the hazard and thus, that any number of competing inferences, all of which would be speculative, could be made. Certainly, when the evidence fails

to show who created the hazard, any number of conclusions could be drawn about how the hazard was created. Each conclusion, however, would be speculation without supporting evidence. Appellees' statement, therefore, does not admit that summary judgment was improper, but instead shows the opposite–that summary judgment is proper because the record contained nothing but speculation as to who created the hazard.

F

## RES IPSA LOQUITUR

{¶ 55} Appellants next argue that the trial court erroneously determined that the doctrine of res ipsa loquitor did not apply in the case at bar.[3] They claim that the evidence shows that appellees had exclusive control of the instrumentality that caused Mrs. Ray's injury, and that the crate "was not supposed to be out of [appellees'] control when empty." Appellants argue that the evidence does not support an inference that a third party had access to the crate. Appellants also contend that appellees failed to present any evidence to support its argument that someone other than one of its employees could have moved the crate to its hazardous location. They thus claim that appellees' assertion that a third person had access to the crate is speculation. Appellants further argue that it is not reasonable to infer that a customer would have reached beneath the display table and moved the crate to a hazardous location. Instead, appellants contend that the only reasonable inference is that one of appellees' employees would have had exclusive access to

---

[3] We observe that in their summary judgment opposition memorandum filed after remand, appellants did not explicitly argue that the res ipsa doctrine applied to the case at bar. Instead, the trial court raised the res ipsa doctrine in its decision when it discussed appellants' assertion that appellees had exclusive control over the crate. We thus question whether appellants properly preserved the res ipsa issue. Nonetheless, because appellees do not raise a waiver argument, we will consider this issue.

the area beneath the display table, where the crate had been located.

{¶ 56} Appellees assert that the trial court correctly refused to apply the doctrine of res ipsa loquitor. Appellees argue that the doctrine has absolutely no applicability to the case sub judice, because the crate was located in a public area of a retail store that was accessible to individuals other than appellees' employees.

{¶ 57} The doctrine of res ipsa loquitur is not a substantive rule of law, but an evidentiary one that permits a factfinder to infer that the defendant was negligent. Jennings Buick, Inc. v. Cincinnati, 63 Ohio St.2d 167, 169, 406 N.E.2d 1385 (1980). "'A res ipsa loquitur case is ordinarily merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it.'" Degen v. Mann, 4th Dist. No. 00CA2575, 2001-Ohio-2468, quoting Restatement (Second) Torts § 328D, cmt. b. Before the inference of the defendant's negligence may arise, the plaintiff must demonstrate "the logical premises for the inference," which are:

> "'(1) That the instrumentality causing the injury was, at the time of the
> injury, or at the time of the creation of the condition causing the injury, under the
> exclusive management and control of the defendant; and (2) that the injury occurred
> under such circumstances that in the ordinary course of events it would not have
> occurred if ordinary care had been observed.'"

Jennings Buick, 63 Ohio St.2d at 170-71, quoting Hake v. Wiedemann Brewing Co., 23 Ohio St.2d 65, 66-67, 262 N.E.2d 703 (1970).

{¶ 58} The doctrine does not apply when "'the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that

it was due to his negligence.'" Loomis v. Toledo Railways & Light Co., 107 Ohio St. 161, 170,

140 N.E. 639 (1923), quoting 1 Sherman and Redfield on Negligence (6th Ed.), Section 58b.

Thus, "'[i]f from the nature of the event causing the injury an enquiry naturally arises which one of

two or more persons, acting independently, is responsible * * * the application of the maxim is

excluded by its terms.'" Id. at 170.

{¶ 59} Whether a plaintiff has adduced sufficient evidence to warrant application of the

doctrine of res ipsa loquitur is a question of law subject to de novo review on appeal. Degen,

citing Hake, 23 Ohio St.2d at 66-67.

{¶ 60} In Hansen v. Wal-Mart, supra, this court recognized the rationale underlying the

doctrine of res ipsa loquitor and how the theory applies when injuries occur in a public place:

> "'The doctrine of res ipsa loquitur is founded on an absence of specific proof
> of acts or omissions constituting negligence, and the particular justice of the
> doctrine rests upon the foundation that the true cause of the occurrence, whether
> innocent or culpable, is within the knowledge or access of the defendant and not
> within the plaintiffs knowledge or accessible to him.'
> Fidelity & Guaranty Insurance v. Spires (May 26, 1983), Athens App. No. 1123,
> 1983 WL 3179, quoting Shields v. King (1973), 40 Ohio App.2d 77. For this
> reason, Ohio courts generally hold that a premises occupier will not be deemed to
> have exclusive control over an object where the public has access to it. See Davis
> v. City of Akron, (Mar. 8, 2000), Summit App. No. CA19553, 2000 WL 254900
> ('The doctrine of res ipsa loquitur has repeatedly been held inapplicable where the
> instrumentality causing the injury, often a chair, was located in a public area that
> many people have access to.'); McConnell v. Budget Inns of Am., (1998) 129 Ohio
> App.3d 615, 718 N.E.2d 948 ('This public access to the instrument of the injury
> precludes a finding of exclusive control on the part of the motel.'); Lewis v.
> Newburg Supermarket (Sept. 24, 1998), Cuyahoga App. No. 73238, 1998 WL
> 655491 ('[T]he electronic door and cart storage area are located in a public area
> with many people using them, thereby eliminating any exclusive control the
> supermarket may have had on them.'); Caldwell v. Greek Corp. (Sept. 19, 1997),
> Lucas App. No. L-96-397, 1997 WL 586708 ('Several appellate courts have held
> that a defendant does not have exclusive control over a chair which is located in a
> public area where many people use and have access to it.').
> Similarly, Ohio courts have held that a defendant does not have exclusive

control over a display of merchandise where members of the public frequent an area and have access to the display.   In Carr v. May Dept. Stores Co. (Sept. 21, 2000), Cuyahoga App. No. 77290, 2000 WL 1369902, the Eighth District held that a department store did not have exclusive control over a mannequin at the time it fell on the plaintiff where the evidence showed that various third-party vendors as well as members of the public had access to it.   In Kemper v. Builder's Square, Inc. (1996), 109 Ohio App.3d 127, 138, 671 N.E.2d 1104, the Second District held that a home improvement store did not have exclusive control over posts displayed on a self-service shelving unit absent evidence that 'no other customers or third parties could have had control over or rearranged the posts from the time the posts left the control of [the defendant] until [the plaintiff] was injured.'"

Id. at ¶¶22-23.

{¶ 61}  In Hansen, we determined that the doctrine of res ipsa loquitor did not apply when the evidence showed that the instrumentality that caused the injury, i.e., stacks of screened houses, were located in an area of the store that other customers frequented immediately before the display collapsed.   We further observed that the plaintiffs failed to show that a third party could not have had access to the instrumentality between the time that Wal-Mart's employees last touched it and the time of the injury.

{¶ 62}  We believe that the fact pattern in the case at bar is nearly indistinguishable from the facts we considered in Hansen.   In both cases, the injured parties failed to demonstrate the first logical premise for the inference of negligence–that the defendants had exclusive management and control of the instrumentality at the time that the hazard was created or at the time of the injuries. In Hansen, the plaintiffs failed to eliminate the possibility that a third party could have created the hazard.   They offered no evidence to show that only the defendants and its employees had access to the instrumentality that caused the injury.   Similarly, in the case sub judice appellants failed to eliminate the possibility that a third-party could have created the hazard.   As we previously

observed, we find no evidence to show when the hazard was created. Thus, it is impossible to determine that the crate was under appellees' exclusive control when the hazard was created. Furthermore, we find no evidence that the crate was within appellees' exclusive control at the time of the injury. Mrs. Ray's injury occurred in the produce section of a Wal-Mart store. Because her injury occurred in a public place open to all, anyone could have touched or moved or jostled the crate so as to place it in the hazardous location. Thus, the circumstances of Mrs. Ray's injury lead to a natural inquiry as to which one of two or more persons was responsible. Loomis, supra.

{¶ 63} Simply because the crate was located in what appellants deem an inconspicuous location, i.e., beneath a produce display, does not mean that the crate was under appellees' exclusive control. We find no evidence to show that the area beneath the produce table was inaccessible to a third-party. Thus, it is not beyond belief that a customer, delivery person, or someone other than appellees' employees, could have had access to the area beneath the produce display. One scenario is that a customer looked under the produce display to see if more produce was stored beneath it. Another scenario is that the crate was left on top of the produce table, and a customer moved it to the floor. One can conjure up any number of scenarios as to how the produce crate ended up under the produce table. Consequently, because multiple inferences may be drawn from the evidence, appellants are not entitled to invoke the doctrine of res ipsa loquitor to infer appellees' negligence. Jennings Buick, 63 Ohio St.3d at 171 (stating that "where the trier of the facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given"); Klasic v. Time Warner Entertainment Co., 7th Dist. No. 06MA49, 2007-Ohio-1125 (finding doctrine inapplicable when at least two possible causes of injury).

{¶ 64} Furthermore, we recognize that appellants argue that the crate should have been within appellees' exclusive control–meaning that appellees' employees should have carried the crate to the produce section and then immediately return it to the storeroom after unloading. Showing that the crate should have been in appellees' exclusive control is not the same as showing that it actually was in appellees' exclusive control. Consequently, the trial court did not wrongly refuse to apply the doctrine of res ipsa loquitor.

{¶ 65} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Harsha, J., Dissenting:

**{¶ 66}** I respectfully dissent because I believe the evidence reveals a genuine issue of material fact about whether Wal-Mart created the hazard that caused Mrs. Ray's injuries, i.e. whether it breached its duty of care.

**{¶ 67}** I agree with the principal opinion that a plaintiff in a slip and fall case cannot rely on mere conjecture or speculation to create a genuine issue of material fact. However, in this case the Rays do not rely on a simple guess, but rather have pointed to a reasonable inference that Wal-Mart was responsible for placing the crate in a hazardous location. Here we are not dealing with merchandise or a product that one would reasonably expect the consumers to examine and replace on shelves or display areas. Rather, the crate was used by Wal-Mart employees to stock products in the produce area. Although it is possible that a customer could have moved the crate either on purpose or by accident, it is at least as likely that an employee was responsible for leaving the crate in a dangerous location. In the summary judgment context when two reasonable inferences exist based upon the known facts, we must choose the one favorable to the nonmoving party. Civ.R. 54(B). Doing so, I conclude the Rays have satisfied their burden of proof at this stage of the proceedings, regardless of whether they can prevail at trial.

[Cite as *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684.]
JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment & Opinion
Harsha, J.: Dissents with Dissenting Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.