[Cite as *Wal-Mart Realty Co. v. Tri-Commons Assocs., L.L.C.*, 2017-Ohio-9280.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

WAL-MART REALTY COMPANY,          :          APPEAL NO. C-160747
                                                          TRIAL NO. A-1504589
    Plaintiff-Appellee,          :

  vs.                                          :          *O P I N I O N.*

TRI-COUNTY COMMONS               :
ASSOCIATES, LLC,
                                                :
    Defendant,
                                                :
  and
                                                :
2NDS IN BUILDING MATERIALS,
INC., d.b.a. HOME EMPORIUM,       :

    Defendant-Appellant.          :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 29, 2017


*Keating, Meuthing & Klekamp, Daniel E. Izenson* and *Meaghan K. FitzGerald*, for Plaintiff-Appellee,

*Kimberly A. Kyle*, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}   Defendant-appellant 2NDS in Building Materials, Inc., d.b.a. Home Emporium ("2NDS") appeals from the decision of the Hamilton County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee Wal-Mart Realty Company ("Wal-Mart").  We find merit in 2NDS's sole assignment of error.  Consequently, we reverse that part of the trial court's judgment granting Wal-Mart's motion for summary judgment, and we remand the cause for further proceedings.

{¶2}   The record shows that Wal-Mart filed a complaint for breach of contract seeking reimbursement for repairs to and/or replacement of 28 vandalized rooftop HVAC units on commercial property it had leased from defendant Tri-County Commons Associates, Inc., ("TCCA").  The property was actually occupied by 2NDS, which had subleased the property from Wal-Mart.  The trial court dismissed all of Wal-Mart's claims against TCCA for failure to state a claim upon which relief could be granted.

{¶3}   In the sublease, Wal-Mart was the sublessor and 2NDS was the sublessee.  TCCA was referred to as the "Prime Landlord."  Both Wal-Mart and 2NDS filed motions for summary judgment based on the language of the sublease.  Section 11.2 of the sublease, entitled "Repairs by Prime Landlord," provided:

> Except for repairs or maintenance necessitated by Sublessee's alterations, changes or modifications, * * * Sublessor and Sublessee agree that it is Prime Landlord's responsibility at all times to maintain and keep in good repair the roof and all structural portions of the building, the exterior of the building, to make such interior repairs and replacements that may be necessary as a result of damage or

destruction by fire, the elements, or casualty and for HVAC unit replacement.

{¶4}    The trial court found this provision to be unenforceable. It stated: The parties also agreed in Section 11.2 that the Prime Lessor, Tri-County Commons Associates, LLC is responsible for damage or destruction of the HVAC system. This is unenforceable. Two parties simply cannot bind a 3rd party to responsibilities for which the 3rd party does not expressly agree. Tri-County is not a party to the sublease nor is there any writing indicating it agreed to be bound by Section 11.2.

{¶5}    In granting summary judgment in favor of Wal-Mart, the trial court relied on section 11.1 of the sublease, entitled "Repairs by Sublessee." That section provided in pertinent part:  "Sublessee shall maintain and replace the component parts of the heating, ventilation and air conditioning system (HVAC), including but not limited to compressors, and equipment serving the Subleased Premises."  It further provided that "[i]n particular, from the Delivery Date, Sublessee shall institute and diligently follow the HVAC maintenance regimen[.]"  It then set forth 20 items that 2NDS was to perform either quarterly or annually, including replacing filters, inspecting belts and sleeves, inspecting various pieces of equipment, and checking pressure and temperatures.  The court stated that "Section 11.1 of the Sublease mandates that [2NDS] complete the work related to the vandalism of the HVAC units * * * ."

{¶6}    The court found that 2NDS was in breach of the sublease and that Walmart was entitled to summary judgment on the issue of liability.  It ordered

3

2NDS to reimburse Walmart for the repair and replacement costs of the HVAC units, plus prejudgment and post-judgment interest. This appeal followed.

{¶7} In its sole assignment of error, 2NDs contends that the trial court erred in granting summary judgment in favor of Wal-Mart and in denying its motion for summary judgment. It argues that under the plain language of the sublease, it was not responsible for replacing the HVAC system. We agree that the trial court erred in granting summary judgment in favor of Wal-Mart, although not precisely for the reasons argued by 2NDS.

{¶8} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Riverhills Healthcare, Inc. v. Guo*, 1st Dist. Hamilton No. C-100781, 2011-Ohio-4359, ¶ 12. Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Alexander v. Motorists Mut. Ins. Co.*, 1st Dist. Hamilton No. C-110836, 2012-Ohio-3911, ¶ 16. The trial court has an absolute duty to consider all pleadings and evidentiary material when ruling on a motion for summary judgment. It should not grant summary judgment unless the entire record shows that summary judgment is appropriate. *Alexander* at ¶ 16.

{¶9} A lease is a contract to be interpreted like any other contract. *Stephen Bus. Ent., Inc. v. Lamar Outdoor Advertising Co.*, 1st Dist. Hamilton No. C-070373, 2008-Ohio-954, ¶ 13. The interpretation of a written instrument is, in the first instance, a matter of law for the court. If it is clear and unambiguous, the court need

not go beyond the plain language of the agreement to determine the parties' rights and obligations. Instead, the court must give effect to the contractual language. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989); *Fifth Third Bank v. Ducru Ltd. Partnership*, 1st Dist. Hamilton No. C-050564, 2006-Ohio-3944, ¶ 14. But if the provisions of a contract are ambiguous, an issue of fact exists, making summary judgment inappropriate. *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984); *Fifth Third* at ¶ 14.

{¶10} In the construction of a written instrument, a court's primary objective is to ascertain and give effect to the parties' intent, which can be found in the language they chose to employ. The court will give common words and phrases their ordinary meanings unless the totality of the contract reveals a contrary intent. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361, 678 N.E.2d 519 (1997); *M.G.A, Inc. v. Amelia Station, Ltd.*, 1st Dist. Hamilton No. C-010606, 2002-Ohio-5091, ¶ 10. The court will read the writing as a whole and gather the intent of each from a consideration of the whole. *Foster Wheeler* at 361; *Fifth Third* at ¶ 13.

{¶11} We agree with the trial court that section 11.2 of the sublease, which contemplates that TCCA would be responsible for repair or replacement of the HVAC system in the event of damage or destruction "by fire, the elements or casualty" is unenforceable. A contract is binding only upon the parties to the contract and those in privity with them. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 26. A contract is unenforceable against a person or entity who was not a party to the contract. *Keehan Tennessee Invest., LLC v. Praetorium Secured Fund I, L.P.*, 2016-Ohio-8390, 71 N.E.3d 325, ¶ 33 (9th Dist.). *WashPro*

*Express, LLC v. VERwater Environmental, LLC*, 12th Dist. Butler No. CA2006-03-069, 2007-Ohio-910, ¶ 9.

{¶12} Moreover, a valid sublease does not change the relationship between the lessor and the original lessee, and creates no relationship between the lessor and the sublessee. No privity of contract exists between a sublessee and an original lessor. A lessor cannot maintain an action against a sublessee for breach of contract. Similarly, a sublessee cannot maintain an action against the lessor on the original lease. *Plaza Dev. Co. v. W. Cooper Ent., LLC*, 2014-Ohio-2418, 12 N.E.3d 506, ¶ 19 (10th Dist.); *Mark-It Place Foods, Inc. v. New Plan Excel Realty Trust, Inc.*, 156 Ohio App.3d 65, 2004-Ohio-411, 804 N.E.2d 979, ¶ 19 (4th Dist.); *Hooper v. Seventh Urban, Inc.*, 70 Ohio App.2d 101, 109, 434 N.E.2d 1367 (8th Dist.1980).

{¶13} The trial court also correctly held that section 11.2 is severable from the rest of the contract. Courts will enforce a contract to the extent it conforms to the law, even if part is unenforceable, if the contract is severable. *Toledo Police Patrolmen's Assn. Local 10, IUPA v. Toledo*, 94 Ohio App.3d 734, 740, 641 N.E.2d 799 (6th Dist.1994). The severability of a contract is a question of law and depends upon the intent of the parties. *Broughsville v. OHECC, LLC*, 9th Dist. Lorain No. 05CA008672, 2005-Ohio-6733, ¶ 30; *Toledo Police* at 740.

{¶14} The sublease contains a severability clause. It provides:

If any term, covenant or condition of this Sublease or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Sublease, or the application of such term, covenant or condition to person or circumstances other than those as to which it is held invalid or unenforceable, shall not be

6

affected thereby; and each term, covenant or condition of this Sublease shall be valid and enforced to the fullest extent permitted by the law.

{¶15} The intent of the parties is evidenced by the existence of the severability clause. The plain language of this clause shows that the parties intended for the contract to be severable. *See Broughsville* at ¶ 31; *Toledo Police* at 741. Thus, section 11.2 can be severed from the rest of the contract, which remains valid and enforceable.

{¶16} With section 11.2 severed, we hold that the remainder of the contract is ambiguous as to which party would be responsible for the replacement of the HVAC units in the event of vandalism. The trial court relied on section 11.1 of the contract, relating to "Repairs by Sublessee." That section states that "Sublessee shall maintain and replace the component parts of the heating, ventilation and air conditioning system (HVAC), including but not limited to compressors and equipment serving the Subleased premises." Thus, it requires 2NDS to replace the component parts of the HVAC system, but does not refer to total replacement of the units.

{¶17} Further, that sentence cannot be read in isolation. The contract must be considered as a whole. The remainder of section 11.1 states that 2NDS is responsible for the basic maintenance of the HVAC units. But the parties clearly intended for casualty losses and replacement of the units as a whole to be treated separately from maintenance because they discussed it in a separate section of the contract. The contract contains no indication of the parties' intentions as to which party would be responsible for casualty loss to the HVAC units if TCCA was not responsible.

**{¶18}** Because the contract is ambiguous, a material issue of fact exists for trial. Consequently, the trial court erred in granting Wal-Mart's motion for summary judgment. We sustain 2NDS's assignment of error in part and overrule it in part. We reverse that part of the trial court's decision granting summary judgment in favor of Wal-Mart, and remand the matter to the trial court for trial. We affirm that part of the trial court's judgment denying 2NDS's motion for summary judgment.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.