[Cite as *Simpson v. Ison*, 2020-Ohio-1582.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RHONDA Y. SIMPSON, | : | APPEAL NO. C-180686 |
| | | TRIAL NO. A-1803078 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| DANNY J. ISON, | : | |
| and | : | |
| PAMELA E. ISON, | : | |
| Defendants, | : | |
| and | : | |
| BOYMEL ARCHES, LLC, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 22, 2020

*William D. Bell, Sr.*, for Plaintiff-Appellant,

*Isaac Wiles Burkholder and Teetor, LLC*, *William B. Benson* and *Dale D. Cook*, for Defendant-Appellee.

Zayas, Judge.

{¶1} Plaintiff-appellant Rhonda Simpson appeals the judgment of the Hamilton County Court of Common Pleas, which granted summary judgment to defendant-appellee, Boymel Arches, LLC. For the following reasons, we affirm the trial court's judgment.

**Facts and Procedural History**

{¶2} On January 16, 2014, Simpson slipped and fell in a snow-covered parking lot of a McDonald's restaurant. On January 15, 2016, she filed a complaint for negligence against "Danny J. Ison and Pamela E. Ison dba McDonald's Restaurant." Simpson alleged that "the Defendants failed to maintain the parking lot in a safe and hazard free manner," and as a result, Simpson fell and suffered injuries. About a year later, Simpson voluntarily dismissed her complaint pursuant to Civ.R 41(A). She refiled an identical complaint on June 20, 2018.

{¶3} On July 20, 2018, Boymel Arches, LLC, ("Boymel Arches") answered the complaint, denying Simpson's allegations and noting that it was "incorrectly identified in Plaintiff's Complaint as 'Danny J. Ison, Pamela E. Ison d/b/a McDonald's Restaurant.' " That same day, as part of discovery, Boymel Arches sent Simpson a request for admissions and interrogatories. This discovery request went unanswered. Boymel Arches moved for summary judgment on August 24, 2018. The basis for its summary-judgment motion was that Boymel Arches had no duty to remove the snow under Ohio's "no-duty winter rule," and that because Simpson had not answered the request for admissions, they were deemed admitted pursuant to Civ.R. 36(A).

{¶4}   On September 6, 2018, Simpson filed a response in opposition to Boymel Arches' motion for summary judgment, claiming that genuine issues of material fact existed, precluding a ruling on summary judgment, and that Simpson was confused as to the discovery request, in part, because she had already answered questions of Boymel Arches' insurance representatives.   On September 7, 2018, Simpson filed responses to the requested discovery.

{¶5}   On September 24, 2018, Simpson moved the court for additional time to respond to Boymel Arches' discovery pursuant to Civ.R. 6(B), under which the court can grant an extension of time where the failure to act timely was the result of excusable neglect.   Simpson argued in her motion that the requests for admissions and interrogatories were not separated and separately numbered, leading to the delay in her ability to answer them.   Following a hearing, the trial court denied the motion and ruled that Boymel Arches' requested admissions were deemed admitted.

{¶6}   Simpson now appeals, asserting two assignments of error.

### First Assignment of Error

{¶7}   In her first assignment of error, Simpson argues that the trial court erred "when it denied her motion for additional time to respond to requests for admissions and interspersed interrogatories filed by the entity not officially designated as a party to the lawsuit." We disagree.

{¶8}   Our review of a trial court's decision to either grant or deny the defending party the ability to submit a late response pursuant to Civ.R. 6(B) is for an abuse of discretion.  *Watts v. Fledderman*, 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 36, citing *Huffer v. Cicero*, 107 Ohio App.3d 65, 73, 667 N.E.2d 1031 (4th Dist.1995).   "An abuse of discretion involves more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary."  *Watts*, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 112,

616 N.E.2d 218 (1993). "The standard is more accurately defined as '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.' " *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 12, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶9} A court may extend time for any action "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect[.]" Civ.R. 6(B)(2). *Black's Law Dictionary* generally defines "excusable neglect" as:

> A failure * * * to take some proper step at the proper time (esp. in
> neglecting to answer a lawsuit) not because of the party's own
> carelessness, inattention, or willful disregard of the court's process,
> but because of some unexpected or unavoidable hindrance or accident
> or because of reliance on the care and vigilance of the party's counsel
> or on a promise made by the adverse party.

*Black's Law Dictionary* (11th Ed.2019). Many of the cases finding excusable neglect have found unusual or special circumstances that justified the neglect of the party or the party's attorney. *See, e.g., Brooks v. Progressive Ins. Co.*, 9th Dist. Summit No. C.A. 16639, 1994 WL 376768, *3 (July 20, 1994) (defendant miscalculated the answer date by four days, calendaring the wrong date, which was found to be the type of oversight or clerical error that supported excusable neglect); *Bryan v. Valley Care Health Sys. of Ohio*, 11th Dist. Trumbull No. 2015-T-0130, 2016-Ohio-7156, ¶ 24 (affidavits from defendant's legal department supported the claim that complaint and summons were never received due to clerical error). Other cases, however, despite the presence of special or unusual circumstances, have declined to find excusable neglect—especially where "the party or his attorney could have controlled

4

or guarded against the happening of the special or unusual circumstance." (Internal citations omitted.) *Beck Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. Franklin No. 02AP-281, 2002-Ohio-5908, ¶ 9. *See, e.g., Internatl. Lottery, Inc. v. Kerouac*, 102 Ohio App.3d 660, 657 N.E.2d 820 (1st Dist.1995) (out-of-state attorney received notice of trial or default and failed to appear, but was not entitled to preferential treatment concerning procedural rules and time limits). Ultimately, the court's determination of "excusable neglect" must take into account "all the surrounding facts and circumstances, with the admonition that cases should be decided on their merits, where possible." *Milatz v. Cincinnati*, 1st Dist. Hamilton No. C-180272, 2019-Ohio-3938, ¶ 16, quoting *Fourtounis v. Verginis*, 2017-Ohio-8577, 101 N.E.3d 101, ¶ 12 (8th Dist.).

{¶10} Here, Simpson, the plaintiff in this case, failed to respond to requests for admissions and interrogatories for nearly two months, and did not move the court for additional time to respond to the discovery for over two months. Simpson argued in the trial court that the reason for the delay was because the requests for admission were "interspersed" with the interrogatories, which Simpson claimed was intentionally misleading. However, that the interrogatories were combined with the requests for admissions was not an indication that the discovery request was intentionally misleading. Throughout Boymel Arches' request for discovery, interrogatories followed the requests for admissions, seeking out more detail if a particular request for admission was inaccurate or incomplete—presumably so that Boymel Arches could properly defend itself against Simpson's claims. Furthermore, there was no objection filed asserting that either the requests for admissions or the interrogatories were misleading. Simpson also argued that because she had answered similar questions of Boymel Arches' insurance representatives prior to hiring counsel, she did not believe it was necessary to answer the same questions

twice. But this argument likewise does not support excusable neglect. Simpson was not excused from answering the discovery request pursuant to the Rules of Civil Procedure simply because she provided answers to insurance representatives prior to the commencement of her lawsuit. *See* Civ.R. 33(A) and 36(A).

{¶11} Simpson also argues that confusion over receiving discovery from Boymel Arches, "an entity not officially designated as a party to the lawsuit" contributed to her excusable neglect. However, this argument was not made in the trial court, and thus we cannot consider it. *See BancOhio Nat. Bank v. Abbey Lane Ltd.*, 13 Ohio App.3d 446, 448, 469 N.E.2d 958 (10th Dist.1984) ("[Q]uestions not raised and determined in the court below cannot be considered by a reviewing court. * * * "[T]he theory upon which a case is tried must be adhered to on appeal * * *."). In any event, Boymel Arches was a party to this case. The record shows that Boymel Arches availed itself of the court's jurisdiction by answering Simpson's complaint. *See generally Country Club Townhouses N. Condominium Unit Owners Assn. v. Slates*, 9th Dist. Summit No. 17299, 1996 WL 28003 (Jan. 24, 1996). And, Boymel Arches admitted to ownership of the McDonald's restaurant at which Simpson fell and was therefore the real party in interest to Simpson's lawsuit.

{¶12} Based on the above considerations and with due deference to the trial court's ruling, we conclude that the trial court did not abuse its discretion in determining that there was no excusable neglect and in denying Simpson an extension to file her answers to Boymel Arches' request for admissions and interrogatories. We overrule Simpson's first assignment of error.

## Second Assignment of Error

{¶13} In her second assignment of error, Simpson argues that the trial court erred in granting summary judgment to the defendant Boymel Arches. In light of

our determination of her first assignment of error, we must overrule her second assignment of error.

{¶14} An appellate court reviews the trial court's ruling on a motion for summary judgment de novo. *See Wal-Mart Realty Co. v. Tri-Cty. Commons Assoc., LLC*, 1st Dist. Hamilton No. C-160747, 2017-Ohio-9280, ¶ 5. "Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor." *Id.*, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶15} As described above, Simpson's complaint alleged simply that she was a patron and business invitee of the McDonald's restaurant when she slipped and fell in the snow-covered parking lot due to the business owner's negligence. Boymel Arches answered her complaint, denying her allegations and requesting admissions as part of discovery. Simpson did not answer the request for admissions in the time prescribed under Civ.R. 36, which provides in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request * * *. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.
>
> * * *
>
> (1) * * * **The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service** of a printed copy of the request or within such shorter

7

or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(Emphasis added.)  Civ.R. 36(A).

{¶16}  "When a party fails to timely respond to requests for admissions, the admissions become facts of record that the court must recognize." *Martin v. Martin*, 179 Ohio App.3d 805, 2008-Ohio-6336, 903 N.E.2d 1243, ¶ 13 (2d Dist.).  Further, any matter admitted under Civ.R. 36 "is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Civ.R. 36(B).  Civ.R. 36 is "self-enforcing" in that the "trial court has no discretion whether to deem the matters admitted."  *Depaz v. Bahramian*, 1st Dist. Hamilton No. C-130128, 2013-Ohio-5510, ¶ 13.  That is, "[i]f the requests are not answered, they are admitted and conclusively established, and the trial court must recognize them as so." *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 41.

{¶17}  Summary judgment may be granted on facts deemed admitted under Civ.R. 36.  *Depaz* at ¶ 13, citing *Progressive Cas. Ins. Co. v. Harrison*, 2d Dist. Montgomery No. 21521, 2007-Ohio-579.  Accordingly, Boymel Arches moved for summary judgment on the basis of the responses deemed admitted under the rule.

{¶18}  The failure to timely respond resulted in an admission to all of the following:

1. That [Simpson] slipped and fell in the parking lot of the McDonald's restaurant located at 5800 Boymel Drive, Fairfield, Ohio 45014, on January 16, 2014;

2.  That her slip and fall was caused by a natural accumulation of snow;

8

3. That no unusual conditions underneath the snow caused her to slip and fall;

4. That the only condition that caused her to fall was the presence of snow;

5. That the snow had fallen within the four (4) hours prior to her slip and fall;

6. That the presence of the snow was open and obvious to her prior to her slipping and falling;

7. That someone warning her of the presence of snow would not have prevented her from slipping and falling;

8. That there was nothing blocking her view of the snow prior to her slipping and falling;

9. That there were no attendant circumstances distracting her from being able to see the snow prior to her slipping and falling;

10. That, as an adult, she has an obligation to exercise reasonable care to protect herself by watching where she is walking and avoiding hazards;

11. That on January 16, 2014, she failed to exercise reasonable care to avoid slipping and falling on the snow;

12. That she was solely responsible for her fall; and

13. That she sustained no injuries or damages as a result of the slip and fall on January 16, 2014 in the parking lot of the McDonald's restaurant located at 5800 Boymel Drive, Fairfield, Ohio 45014.

{¶19} In light of these admissions, Simpson failed to demonstrate that the business owner, Boymel Arches, breached a duty of ordinary care to maintain the premises, and failed to demonstrate how she would overcome the open-and-obvious

doctrine and no-duty winter rule. "The duty of care owed by a business owner includes providing a reasonably safe ingress and egress for business invitees." *Schirmann v. Arena Mgt. Holdings, LLC*, 1st Dist. Hamilton No. C-170574, 2018-Ohio-3349, ¶ 17. This duty does not extend to dangers that " 'are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.' " *Id.* at ¶ 18, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

{¶20} In addition, a business owner has no duty to remove natural accumulations of ice and snow from the private pathway of the premises, or to warn of the dangers associated with such natural accumulations—a duty often referred to as the "no-duty winter rule." *Schirmann*, citing *Brinkman v. Ross*, 68 Ohio St.3d 82, 83, 623 N.E.2d 1175 (1993). This rule is well-established in Ohio. *See id.* The no-duty winter rule does not apply where the business owner is negligent in permitting or creating an unnatural accumulation of ice or snow, or where the business owner has actual or implied notice that the accumulation on the property created a condition substantially more dangerous than the business invitee should have anticipated. *Schirmann* at ¶ 20; *Bowen* at ¶ 12-13. But of course, there is no evidence that the no-duty winter rule does not apply in this case.

{¶21} The failure to timely respond to the request for admissions resulted in the admission of facts sufficient to warrant the judgment against Simpson, as there were no facts demonstrating Boymel Arches' negligence. Accordingly, there was no genuine issue of material fact with regard to whether Boymel Arches breached a duty of care to Simpson, and summary judgment in favor of Boymel Arches was proper. Simpson's second assignment of error is overruled.

**Conclusion**

**{¶22}** For the foregoing reasons, we overrule Simpson's first and second assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.