[Cite as *Hefler v. Remke Markets, Inc.*, 2021-Ohio-2694.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KIMBERLY HEFLER, | : | APPEAL NO. C-200364 |
| | | TRIAL NO. A-1900560 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| REMKE MARKETS, INC., | : | |
| | | |
| and | : | |
| | | |
| NEEDLER ENTERPRISES, INC., d.b.a. | : | |
| REMKE MARKETS, | | |
| | : | |
| Defendants-Appellees, | | |
| | : | |
| and | | |
| | : | |
| CARESPRING HEALTH | | |
| MANAGEMENT, LLC, | : | |
| | | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 6, 2021

*O'Connor, Acciani & Levy, LPA,* and *Kory A. Veletean,* for Plaintiff-Appellant,

*John K. Benintendi,* for Defendants-Appellees.

**BOCK, Judge.**

{¶1}    After she slipped and fell in a puddle of water in a grocery store owned by defendants-appellees Remke Markets, Inc., and Needler Enterprises, Inc., d.b.a. Remke Markets (collectively, "Remke"), plaintiff-appellant Kimberly Hefler sued Remke for negligence. The trial court entered summary judgment in favor of Remke.

{¶2}    Hefler now appeals the trial court's judgment, asserting in a single assignment of error that the court erred in granting summary judgment in favor of Remke. Because we hold there is a genuine issue of material fact as to whether Remke had constructive notice of the puddle of water, we reverse the trial court's judgment.

## The Hazardous Condition

{¶3}    Hefler testified in her deposition that she and her fiancé, George Gibson, went to Remke in May 2018 to shop for food. She recalled it was not raining that day and that it had been warm enough for her to wear flip-flops. She testified that as she was pushing the cart down the frozen food aisle and looking into the freezers, she slipped and fell in a puddle of water. Because of her fall, she injured her wrists and one of her knees.

{¶4}    Both she and Gibson testified that they were the only people in the aisle at the time of her fall, neither had seen the puddle of water prior to Hefler's fall, and neither knew how long the puddle of water had been on the floor.

{¶5}    Thomas Moore, the store manager on duty the day Hefler fell, testified that he had independently discovered the puddle of water when he had walked down the center aisle towards the back of the store. Moore recalled that the puddle of water was 12 to 16 inches in width and located one to two feet from the freezer door. He testified that he had inspected the freezer doors and discovered a faulty door seal

2

that he presumed had caused the leak. Because of the defective seal, he testified that there was "condensation or something" on the freezer door and when "a customer opened [the freezer door] or whatever that [the condensation] could leak" onto the floor. In his written incident report, he noted there were three defective door seals in that aisle.

{¶6} Finally, Moore testified that while cleaning the floor, he noticed a trail of water from the freezer door to the puddle, but testified that the freezer was not actively leaking at the time of his inspection.

## Standard of Review

{¶7} An appellate court reviews the trial court's ruling on a motion for summary judgment de novo. *See Wal-Mart Realty Co. v. Tri-Cty. Commons Assoc., LLC*, 1st Dist. Hamilton No. C-160747, 2017-Ohio-9280, ¶ 8. "Summary judgment is appropriate if 1.) no genuine issue of material fact exists for trial, 2.) the moving party is entitled to judgment as a matter of law, and 3.) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor." *Id.*, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

## Duty

{¶8} To establish a cause of action for negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶9} While a business owner is not an insurer of business invitees' safety, an owner owes such invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that his or her customers are not unnecessarily and

unreasonably exposed to danger.*" Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).

{¶10} To establish that a business owner failed to exercise ordinary care in a slip-and-fall case, the plaintiff must demonstrate one of the following: 1.) the business owner created the hazard; 2.) the business owner had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or 3.) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care ("constructive notice"). *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio 2684, 993 N.E.2d 808 ¶ 18 (4th Dist.), citing *Jackson v. Kings Island*, 58 Ohio St.2d 357, 390 N.E.2d 810 (1979); *Louderback v. McDonald's Restaurant*, 4th Dist. Scioto No. 04CA2981, 2005-Ohio-3926, ¶ 20.

## Constructive Notice

{¶11} A plaintiff may prove constructive notice of a hazard only when there is a factual basis demonstrating that the hazard existed for a sufficient time to enable the exercise of ordinary care. *Sharp v. Andersons, Inc.*, 10th Dist. Franklin No. 06AP-81, 2006-Ohio-4075, ¶ 12; *Presley v. Norwood*, 36 Ohio St.2d 29, 32, 303 N.E.2d 81 (1973). The length of time sufficient for constructive notice is not precisely defined in case law, which leaves the issue of constructive notice to be determined by the specific circumstances of each case. *Catanzano v. Kroger Co.*, 1st Dist. Hamilton No. C-930761, 1995 WL 8956 (Jan. 11, 1995). The physical characteristics of a hazardous condition may be sufficient, alone, to generate a question of fact as to whether the condition existed long enough that a storeowner should have discovered and corrected it. *Youngerman v. Meijer, Inc.*, 2d Dist. Montgomery No. 1532, 1996 WL 531628 (Sept. 20, 1996); s*ee Fields v. Ohiocubco, Inc.*, 10th Dist. Franklin No.

89AP-609, 1989 WL 133504 (Nov. 2, 1989) (plaintiff demonstrated a genuine issue of material fact as to whether the storeowner had constructive notice of the substance on the floor where the evidence showed that the yogurt-like liquid had become dried and crusty around the edges permitting an inference that the condition existed for a sufficient time so that the storeowner should have discovered it).

{¶12}  Hefler cites to *Youngerman* in support of her argument that a question of fact remains as to whether Remke had constructive notice of the hazardous condition causing her fall.

{¶13}  In *Youngerman*, the trial court granted summary judgment to a grocery storeowner. The plaintiff had slipped and fell in a large puddle of water while shopping in the frozen food section of the grocery store. The plaintiff provided evidence that 1.) the substance on the floor was water, 2.) it had not been raining or snowing that day, 3.) the water was leaking from the freezer, 4.) the puddle had an initiating spot and that it flowed from that area in a stream down along the freezer as it would if it had gradually collected, rather than spurting out all at once, and 5.) the puddle was large. *Youngerman* at *8. In considering whether the storeowner had constructive notice of the puddle of water, the court held that the plaintiff presented sufficient evidence from which a jury could reasonably infer that the water had been there for a sufficient amount of time to provide constructive notice of the hazard to the storeowner. Accordingly, the *Youngerman* court reversed the trial court's grant of summary judgment in favor of the storeowner.

{¶14}  We find *Youngerman* persuasive authority on the issue of whether the puddle of water had existed for a sufficient time to provide Remke with constructive notice of the puddle. Similar to the facts in *Youngerman*, Hefler slipped in a large puddle of water that had accumulated due to a leak from a freezer in the frozen food

aisle of a grocery store. It had not been raining or snowing on the day that she fell. The evidence presented by Hefler—the store manager's testimony that the leak was caused by condensation developing on the freezer door due to defective door seals, the puddle was large in width and located next to the freezer door, and that the manager had identified a trail of the water from the freezer to the puddle but noted that the freezer was not actively leaking at the time of his inspection—allows a reasonable inference that the puddle had developed gradually over time.

{¶15} Thus, given these facts, we conclude that reasonable minds could differ as to whether the puddle of water had been on the floor long enough such that Remke's failure to remove the hazard or warn of it was attributable to a lack of ordinary care. Consequently, we hold that there is a genuine issue of material fact as to whether Remke had constructive notice of the puddle of water, and thus, a duty to warn of the hazard or remove it.

{¶16} Accordingly, the single assignment of error is sustained. We reverse the trial court's grant of summary judgment in favor of Remke and remand this cause for proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **WINKLER**, **J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.