[Cite as *Evans v. Walmart Defiance Supercenter #5385*, 2024-Ohio-4630.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

EVAN EVANS,

    PLAINTIFF-APPELLANT,

  v.

WALMART DEFIANCE
SUPERCENTER #5385, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 4-24-13

O P I N I O N

Appeal from Defiance County Common Pleas Court
Trial Court No. 21-CV-45568

**Judgment Affirmed**

Date of Decision:  September 23, 2024

APPEARANCES:

    *Todd O. Rosenberg* for Appellant

    *Taylor C. Knight* for Appellees

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Evan Evans ("Evans") appeals the judgment of the Defiance County Court of Common Pleas, arguing that the trial court erred in granting summary judgment in favor of defendants-appellees Walmart Defiance Supercenter #5385 ("Walmart Supercenter") and Walmart Stores East, LP ("Walmart Stores") (collectively "appellees"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 16, 2019, Evans was shopping at Walmart with his grandson and walked past where the laundry detergent was located in aisle twenty-three. When Evans looked down that aisle, he observed a man mopping up a blue liquid that had spilled on the floor. Evans testified that this spill extended from the area where the laundry detergent was stored and into the next "three aisles * * *." (Evans Depo. 48).

{¶3} Evans then walked to aisle six. He testified that, as he pushed his shopping cart through this aisle, he saw "nothing on the ground." (Evans Depo. 50). When he bent over to get a can off of the shelf, his "right foot hit some liquid * * *" and slid out from under him. (*Id*.). His left knee then struck the floor. Evans's grandson then went to get the man who had been mopping up the spill in aisle twenty-three.

{¶4} Evans looked at the ground to see what may have caused him to slip and saw a bluish liquid on the ground. Evans testified that he did not know what the liquid was but believed that this substance came from the spill in aisle twenty-three due to its color. While he believed that spill had been roughly "the size of a nickel," Evans testified that, as his right foot slid on this liquid and across the floor, he created a streak with this substance that was roughly two feet long and two inches wide. (Evans Depo. 64).

{¶5} The man who had been mopping up the spill in aisle twenty-three came to the aisle where Evans had slipped. Evans testified that this man "said that he was so very sorry, [and] that he was not aware that it [the spill] made it clear up to the front of the store." (Evans Depo. 58). After filling out an incident report at Walmart, Evans went to the emergency room, seeking treatment for several injuries that he had sustained in this fall.

{¶6} On October 13, 2021, Evans filed a complaint that raised negligence claims against appellees. On June 28, 2023, the appellees filed a motion for summary judgment. On February 22, 2024, the trial court granted summary judgment in favor of the appellees. Evans filed his notice of appeal on February 29, 2024. On appeal, he raises the following five assignments of error:

**First Assignment of Error**

**Defendants-Appellees Walmart had actual and constructive notice of the liquid spill since its employees were in the process of cleaning it up.**

**Second Assignment of Error**

**Defendants-Appellees Walmart had a duty to inspect the other aisles once its employees knew that the blue liquid was in multiple aisles.**

**Third Assignment of Error**

**The liquid spill was not open and obvious.**

**Fourth Assignment of Error**

**The liquid spill created a hazardous condition.**

**Fifth Assignment of Error**

**Plaintiff-Appellant sufficiently identified the liquid spill.**

We will address the first and second assignments of error together before addressing the third, fourth, and fifth assignments of error together.

*Standard of Review*

**{¶7}** Appellate courts review an order granting summary judgment de novo. *LVNV Funding LLC v. Culgan*, 2023-Ohio-4706, ¶ 5 (3d Dist.). Under Civ.R. 56, a motion for summary judgment may be granted where no genuine issue of material fact exists for trial; the moving party is entitled to judgment as a matter of law; and reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, ¶ 5 (3d Dist.).

**{¶8}** In making a motion for summary judgment, the moving party bears the initial burden of demonstrating that no genuine issue of material fact exists for trial and that it is, therefore, entitled to judgment as a matter of law. *James B. Nutter &*

*Co. v. Estate of Neifer*, 2016-Ohio-7641, ¶ 5 (3d Dist.). The moving party need not produce evidence to carry this burden but is required to identify the materials in the record that indicate summary judgment is appropriate. *Kent v. Motorists Mutual Insurance Company*, 2022-Ohio-1136, ¶ 8 (3d Dist.).

{¶9} If the moving party carries its initial burden, the burden then shifts to the non-moving party to establish that a dispute over a genuine issue of material fact exists for trial. *Hall v. Kosei St. Marys Corporation*, 2023-Ohio-2021, ¶ 6 (3d Dist.). To defeat the motion for summary judgment, the non-moving party must do more than issue mere denials but must identify specific facts that establish its position. *Durfor v. West Mansfield Conservation Club*, 2022-Ohio-416, ¶ 13 (3d Dist.).

{¶10} Trial courts should grant a motion for summary judgment with caution as such a ruling generally terminates the litigation. *Beair v. Management & Training Corp.*, 2021-Ohio-4110, ¶ 18 (3d Dist.). Accordingly, courts must resolve any doubts and construe all the evidence in favor of the non-moving party. *Durnell's RV Sales Inc. v. Beckler*, 2023-Ohio-3565, ¶ 29 (3d Dist.).

*First and Second Assignments of Error*

{¶11} Evans asserts that appellees failed to exercise ordinary care because Walmart employees had constructive knowledge of the spill in aisle six. He also argues that Walmart breached a duty to inspect the aisle in which he fell.

Legal Standard

**{¶12}** To establish an actionable negligence claim, "a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 2009-Ohio-2495, ¶ 10. "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 5. "A shopkeeper is not, however, an insurer of the customer's safety." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985).

> To establish that a business owner failed to exercise ordinary care in a slip-and-fall case, the plaintiff must demonstrate one of the following: (1) the business owner created the hazard; (2) the business owner had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care ('constructive notice').

*Hefler v. Remke Markets, Inc.*, 2021-Ohio-2694, ¶ 10 (1st Dist.). *See Adkins v. Chief Supermarket*, 2007-Ohio-772, ¶ 14 (3d Dist.).

**{¶13}** To establish constructive notice of a hazard in a slip-and-fall case, the plaintiff needs to produce some evidence that establishes how long the condition was present. *Toth v. J.B. Food Service, Inc.*, 2024-Ohio-3077, ¶ 20 (7th Dist.), citing *Presley v. City of Norwood*, 36 Ohio St.2d 29, 32 (1973). Such evidence "is

-6-

necessary to prove that the hazard had existed for a sufficient length of time to justify a reasonable inference that the failure to warn against it, or remove it, was attributable to a want of ordinary care." *Swick v. Patty's Market & Dept. Store, Inc.*, 2016-Ohio-4984, ¶ 16 (2d Dist.). Further, "[w]ithout such evidence, it is impossible to determine whether a premises owner should have discovered the hazard upon a reasonable inspection." *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684, ¶ 47 (4th Dist.); *Hill v. At Home Stores, LLC*, 2023-Ohio-2798, ¶ 47 (6th Dist.).

{¶14} "[I]n the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual or constructive knowledge of the hazard, no liability may attach." *Motes v. Cleveland Clinic Found*, 2012-Ohio-928, ¶ 9 (8th Dist.). *See also Price v. United Dairy Farmers, Inc.*, 2004-Ohio-3392, ¶ 7 (10th Dist.); *Moody v. Pilot Travel Ctrs., L.L.C.,* 2012-Ohio-1478, ¶ 12 (12th Dist.).

Legal Analysis

{¶15} The record indicates that Evans observed Walmart employees cleaning up a fabric-softener spill in aisle twenty-three. In his deposition, he stated that the "nickel"-sized spot of liquid he slipped on in aisle six was a bluish color and that he believed it was fabric softener. (Evans Depo. 63). Evans then argues that, because these employees knew of a spill in aisle twenty-three, Walmart had constructive notice of the spot of liquid in aisle six. He also argues that spill in aisle twenty-three created a duty to inspect the store.

{¶16} In *Balcar v. Wal-Mart Store No. 2726*, the Tenth District Court of Appeals considered a similar situation. *Balcar*, 2012-Ohio-6027 (10th Dist.). In that case, Balcar was shopping at Walmart and slipped on a small pool of liquid on the floor. *Id*. at ¶ 2. She testified that the store manager had told her that Walmart employees had cleaned up a spill composed of a "similar" liquid substance in an "adjacent" aisle roughly ten minutes before she had fallen. *Id*. at ¶ 3, 16. The trial court granted summary judgment in favor of Walmart. *Id*. at ¶ 4.

{¶17} On appeal, Balcar argued that the spill in the adjacent aisle provided Walmart with constructive notice of liquid where she slipped. *Balcar* at ¶ 13. The appellate court concluded that no genuine issue of material fact existed as to whether Walmart had constructive notice of the "particular spill" in the aisle where Balcar slipped because she did not produce any evidence to establish how long the hazardous condition had been present in the aisle where she fell. *Id*. at ¶ 16.

{¶18} Balcar then argued that Walmart failed to "perform a reasonable inspection of the surrounding areas" after finding the spill in the adjacent aisle. *Balcar* at ¶ 6. However, she did not establish whether this other spill was in "the aisle immediately adjacent to the aisle in which she fell" or one that was "two aisles over." *Id*. at ¶ 19. Further, no evidence indicated that the "earlier spill left a trail of liquid which Wal-Mart employees failed to discover and clean-up nor that it occurred in the immediate surrounding area." *Id*. at ¶ 24. After making these

observations, the Tenth District found this argument to be without merit. *Id*. at ¶ 24.

**{¶19}** Turning to the facts of the case before us, Evans has not produced any evidence as to the length of time that the "particular" spot of liquid in aisle six was present on the floor. *Balcar* at ¶ 16. *See also Kallmeyer v. Kohl's Department Stores, Inc.*, 2018 WL 1912541, *6 (Apr. 23, 2018). While Evans stated that he believed that this liquid was fabric softener, he testified that he did not know how it got to that location or how long it had been on the floor. A plaintiff cannot establish that the storeowner had constructive notice of a condition if he or she "fails to present evidence showing how long the alleged hazard existed * * *." *Hill*, 2023-Ohio-2798, ¶ 47. *See Balcar*, 2012-Ohio-6027, ¶ 16.

**{¶20}** Further, Evans argues that the Walmart employees knew about the spill in aisle twenty-three and, therefore, had a responsibility to inspect the surrounding areas for fabric softener. However, in *Balcar*, the Tenth District concluded that a spill that may have been "two aisles over" from where the plaintiff fell was not "in the immediate surrounding area." *Balcar*, 2012-Ohio-6027, at ¶ 19, 24. In contrast, Evans observed a spill in aisle twenty-three and fell on a liquid in aisle six. The record indicates these aisles were one hundred feet apart.

**{¶21}** Further, even assuming that Evans slipped on fabric softener,[1] the record contains no indication that tracks or a trail existed that would have led a Walmart employee, on reasonable inspection, from a spill in aisle twenty-three to a nickel-sized spot of liquid in aisle six.[2] *See Balcar*, 2012-Ohio-6027, ¶ 24. Additionally, in the absence of any indication as to how long the spot was on the floor in aisle six, "it is impossible to determine whether [Walmart] * * * should have discovered the hazard upon a reasonable inspection." *Ray*, 2013-Ohio-2684, ¶ 47.

**{¶22}** In summary, Evans has not presented any evidence that Walmart created or had actual knowledge of the condition at issue. Further, since Evans did not establish how long the liquid spot was on the floor, he failed to demonstrate that any genuine issue of material fact existed as to whether Walmart had constructive notice of this condition. Thus, these arguments do not establish that the trial court erred in granting summary judgment. Accordingly, the first and second assignments of error are overruled.

*Third, Fourth, and Fifth Assignments of Error*

**{¶23}** Evans argues that the spot of liquid in aisle six was not an open and obvious condition. He also argues that this condition should be considered a hazard and that he was not required to identify the type of liquid in this spot.

---

[1] In his deposition, Evans stated that he did not know what the liquid was. However, he later stated that he believed the liquid was fabric softener because it was a bluish color.

[2] Evans testified that, as his foot slipped on the liquid and across the floor, he created a streak or skid mark with the liquid. His testimony does not indicate that the streak existed before he slipped across the spot.

Legal Standard

**{¶24}** Under App.R. 12(A)(1)(c), "[a]ppellate courts are to 'decide each assignment of error' raised on appeal 'unless an assignment of error is made moot by a ruling on another assignment of error * * *.'" *Durfor,* 2022-Ohio-416, at ¶ 39, quoting App.R. 12(A)(1)(c). An issue is moot where it presents "no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." *Sullinger v. Reed*, 2021-Ohio-2872, ¶ 52 (3d Dist.), quoting Borchard, Declaratory Judgments, at 35 (2d Ed. 1941). "Put differently, an assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court." *Sullinger* at ¶ 52, quoting *State v. Gideon*, 2020-Ohio-6961, ¶ 26.

Legal Analysis

**{¶25}** In his third assignment of error, Evans argues that the spot of liquid in aisle six was not an open and obvious condition. However, we have already concluded that Evans failed to produce evidence that could establish that Walmart created, knew of, or had constructive notice of the hazard at issue. "Absent proof that the owner or its agent created the hazard, or had actual or constructive knowledge of the hazard, no liability may attach." *Moody*, 2012-Ohio-1478, ¶ 12. Thus, as the trial court noted in its judgment entry, no consideration of whether the spot of liquid was open and obvious is necessary to dispose of this case. Since this issue has been rendered moot by our resolution of the first and second assignments

of error, we decline to address the arguments raised in the third assignment of error pursuant to App.R. 12(A)(1)(c).

**{¶26}** In his fourth and fifth assignments of error, Evans asserts that the spot of liquid in aisle six was a hazard and that he did not have to establish what type of fluid was on the floor. Even if these assignments of error were decided in his favor, he has still failed to produce evidence that Walmart created, was aware of, or had constructive notice of this spot of liquid. Accordingly, these issues are of no consequence to Evans's appeal. *In re Milella*, 2001 WL 812808, *10 (Jun. 29, 2001). Since a decision on these issues would not "affect [any] existing legal relations," we decline to address the arguments raised in the fourth and fifth assignments of error pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶27}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**